

ORDERED in the Southern District of Florida on March 10, 2020.

_____
**Mindy A. Mora, Judge
United States Bankruptcy Court**

_____

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION**

| | |
|---|---|
| In re: | Case No. 19-16935-BKC-MAM |
| Renee Marie Bianca,<br>    Debtor.<br>_____/ | Chapter 7 |
| Eden Day Spa, Inc.,<br>    Plaintiff. | Adv. Proc. No. 19-01332-MAM |
| v. | |
| Renee Marie Bianca,<br>    Defendant.<br>_____/ | |

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT (ECF NO. 13) AND
SETTING PRETRIAL CONFERENCE**

THIS MATTER came before the Court upon *Plaintiff's Motion for Final Summary Judgment on Counts II and III of its Complaint* (ECF No. 13) (the "Motion") (ECF No. 13) filed by Eden Day Spa, Inc. ("Eden") and the response (ECF No. 21)

("Response") filed by the defendant/debtor, Renee Marie Bianca ("Debtor"). In addition to the Motion, Eden submitted numerous supplemental documents for the Court's consideration. *See, e.g.,* ECF Nos. 14, 15, 16, and 17. Collectively, these filings constitute several hundred pages.

On December 19, 2019, the Court directed the parties to submit briefing on the Motion. Debtor filed her Response, Eden filed a reply (ECF No. 31), and both parties submitted a joint pretrial stipulation of undisputed facts (ECF No. 26). After considering all documents filed by both parties, the Court denies Eden's request for summary judgment because material facts remain in dispute.

**PROCEDURAL BACKGROUND AND COMPLAINT ALLEGATIONS**

Plaintiff's complaint (ECF No. 1) ("Complaint") asserts three causes of action: (i) nondischargeability pursuant to section 523(a)(6), (ii) objection to discharge pursuant to 11 U.S.C. § 727(a)(3), and (iii) objection to discharge pursuant to 11 U.S.C. § 727(a)(4)(A). The Summary Judgment Motion seeks entry of judgment in favor of Plaintiffs on Counts II and III only.

BACKGROUND

Eden employed Debtor as an aesthetician for many years. At some point during her employment, Debtor signed a non-compete agreement. Despite this agreement, Debtor started her own business offering facials and other spa services after her work situation at Eden deteriorated. Eden sued in state court to enforce the terms of the non-compete. This litigation continued for several years pre-petition.

Immediately prior to filing her bankruptcy petition, Debtor supplemented her income by providing beauty services to clients within their own homes. Her clients often paid for these services via Venmo or Zelle. During this bankruptcy case, Eden sought production of Debtor's Venmo records (the "Venmo Records") to determine whether Debtor properly accounted for this income in schedules and statements of financial affairs.

Debtor initially failed to produce the Venmo Records but, after receiving clarification of the breadth of Eden's document request, she apparently produced extensive records. In addition, Debtor's original Schedule I erroneously failed to include any income disclosures. Upon discovery of the omission, however, Debtor quickly filed amended schedules correcting the deficiency.

The Complaint alleges that Debtor's failure to produce the Venmo records and initial filing of incorrect information provides a basis for a denial of her discharge. In response, Debtor denies any malfeasance. She attributes the failure to produce to a mistaken interpretation of the document request and the inaccurate Schedule I to a technical error.

## CONCLUSIONS OF LAW

### I. Jurisdiction

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and 28 U.S.C. § 157(b). This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(I) & (J).

### II. Complaint

Plaintiff seeks relief under sections 523 and 727 of the Bankruptcy Code.

Specifically, Count I of the Complaint alleges a claim for nondischargeabilty under 11 U.S.C, § 523(a)(6). Counts II and III seek entry of a judgment denying Debtor's discharge pursuant to 11 U.S.C. § 727(a)(3) and (a)(4)(A). The Motion seeks summary judgment only as to Counts II and III of the Complaint.

### III. Section 727 Standards

#### a. § 727(a)(3)

Section 727(a)(3) ("§ 727(a)(3)") provides that the Court shall grant the debtor a discharge, unless the debtor has "concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case." To successfully assert a claim under § 727(a)(3), the movant must prove that the debtor's alleged destruction of documents or record-keeping failure creates a situation in which it is "impossible to ascertain the financial condition and material business transactions of the debtor." *Butler v. Liu (In re Liu)*, 288 B.R. 155, 161 (Bankr. N. D. Ga. 2002) (internal citations omitted). "Objections to discharge under § 727(a)(3) are not usually decided on summary judgment, as they normally require a fact intensive inquiry regarding the adequacy of the defendant's records." *Id.*

#### b. § 727(a)(4)(A)

Section 727(a)(4)(A) provides that the Court shall grant the debtor a discharge, unless the debtor knowingly and fraudulently, in or in connection with the case made

4

a false oath or account. This subsection is "intended to ensure that adequate information is available to those interested in the administration of the bankruptcy estate without the need of examinations or investigations to determine whether the information is true." *Cadle Co. v. Leffingwell (In re Leffingwell)*, 279 B.R. 328, 338 (Bankr. M.D. Fla. 2002) (internal citation and quotation marks omitted). Two elements must be proven in order to deny a debtor a discharge under § 727(a)(4)(A): "first, the debtor's oath or account must have been knowingly and fraudulently made, and second, it must be related to a material fact." *Rossi v. Dupree (In re Dupree)*, 336 B.R. 490, 494 (Bankr. M.D. Fla. 2005).

The most crucial aspect for a bankruptcy court's consideration is whether the debtor has accurately and faithfully presented all material facts regarding the debtor's financial condition. *Leffingwell*, 279 B.R. at 339. Because § 727(a)(4)(A) is intended to ensure that the chapter 7 trustee has ready access to all necessary facts, deliberate omissions by a debtor may trigger a denial of discharge. *Id.*; *Chalik v. Moorefield (In re Chalik)*, 748 F.2d 616, 618 (11th Cir. 1984).

There is a difference, however, between a debtor who deliberately seeks to obfuscate or mislead the court, and one who inadvertently fails to disclose assets in an initial filing. *Dupree*, 336 B.R. at 494. In discerning whether the debtor has demonstrated the requisite fraudulent intent to justify denial of discharge, the court should analyze whether the omissions or nondisclosures were part of a scheme on the part of the debtor to retain assets for his own benefit at the expense of his creditors. *Id.* A debtor is entitled to a discharge unless the court determines that the debtor

engaged in fraudulent activity regarding his or her disclosure. *Leffingwell*, 279 B.R. 339.

## IV. Summary Judgment Standard

Pursuant to Federal Rule of Civil Procedure 56(a), made applicable to bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 7056, the Court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." "When deciding summary judgment, the Court may look to materials in the record such as depositions, documents, affidavits or declarations, and admissions." *Certain Interested Underwriters at Lloyd's, London v. AXA Equitable Life Ins. Co.*, 981 F. Supp. 2d 1302, 1305-06 (S.D. Fla. 2013) (citing Fed. R. Civ. P. 56(c)).

The Court "must view all the evidence and all factual inferences reasonably drawn from the evidence in the light most favorable to the nonmoving party." *Diaz v. Amerijet Int'l, Inc.*, 872 F. Supp. 2d 1365, 1368 (S.D. Fla. 2012) (quoting *Stewart v. Happy Herman's Cheshire Bridge, Inc.*, 117 F.3d 1278, 1285 (11th Cir. 1997)) (internal quotation marks omitted); *see also Morton v. Kirkwood*, 707 F.3d 1276, 1280 (11th Cir. 2013). Finally, the moving party "always bears the initial responsibility of informing the . . . court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *see also Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1314-15 (11th

Cir. 2011).

## V. Genuine issues of material fact preclude entry of summary judgment

After reviewing the record to date, the Court finds that many genuine disputes as to material facts exist. Specifically, the Court finds that the record does not illustrate the materiality of Debtor's alleged non-disclosures, nor does it clarify any alleged impossibility of determining Debtor's financial condition. To the contrary, the parties clearly dispute both these key aspects of the Court's analysis.

The Court discerns abundant issues of fact, including whether Debtor's schedules were initially inadvertently filed with incorrect information and quickly corrected (as she contends) and whether Debtor's initial failure to produce the Venmo Records to Eden arose from an intent to defraud the Court or her creditors.

Separately, the Court observes that the chapter 7 trustee (the "Trustee") fully analyzed Debtor's case at the 341 meeting and issued a Report of No Distribution over six months ago. Since that date, the Trustee has not indicated that Debtor's records demonstrate malfeasance. Although this inaction does not necessarily indicate that Debtor's disclosures are sufficient, it does support a deeper analysis of whether the Debtor's actions rise to a level sufficient to warrant denial of discharge, or if this adversary proceeding simply represents the continuance of a prepetition state court action.

Because material facts remain in dispute, the Court must deny summary judgment. Upon completion of all pending discovery, the parties shall proceed to trial.

## CONCLUSION

With the Court being fully advised in the premises and for the reasons discussed above, the Court hereby **ORDERS AND ADJUDGES** that:

1. The Defendant's Motion for Summary Judgment is **DENIED**.

2. The pretrial conference will proceed on **May 12, 2020** at **10:00 a.m**. at the United States Bankruptcy Court, 1515 N. Flagler Drive, Courtroom A, 8th Floor, West Palm Beach, Florida 33401.

###

Copy to:

Mark S. Roher, Esq.
Law Office of Mark S. Roher, P.A.
150 S. Pine Island Road, Suite 300
Plantation, FL 33324

*Attorney Roher is directed to serve this Order upon all parties to this Adversary Proceeding and file a conforming certificate of service.*